### NATIONAL LIFE & ACCIDENT INS. CO.
### v. HARRIS.
### No. 2625.

Court of Civil Appeals of Texas. Beaumont.
Feb. 5, 1935.

Rehearing Denied Feb. 13, 1935.

Sonfield & Sonfield, of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

COMBS, Justice.

This is a suit for the collection of total disability benefits alleged to be due appellee under two policies of insurance issued to him by the appellant. Both policies were carried by appellee for a number of years; one being issued to him in 1914 and the other in 1923. Both policies carried death and disability benefits. The aggregate premium on the two policies was $1 per week, of which 20 cents was for the death benefits and 80 cents for the disability benefits. With the exceptions which we shall note hereinafter, ap-

pellee seems to have paid all premiums regularly until April, 1932, when he ceased paying them because of the refusal of the appellant to pay the disability benefits involved in this suit. In the meantime, however, appellee became totally disabled on December 24, 1930, as the result of an accidental injury. He was still totally disabled at the time of the trial.

Appellant's denial of liability is based upon a provision of the insurance policy to the effect that insured should not be entitled to sick or accident benefits beginning or occurring when premium payments are two weeks or more in arrears. It was agreed upon the trial that appellee was more than two weeks in arrears at the time of his disabling injury. Appellee relied for recovery upon a plea of waiver and estoppel based upon the acceptance by appellant of premium payments and arrearages after the lapse occurred. Appellee was awarded judgment for all weekly installments which had accrued up to the time of trial, together with statutory penalty and attorney's fee.

The policies which, as we have said, covered both death and disability benefits, contained the following stipulation: "Sec. 4. This policy shall not lapse for non-payment of premiums until the premiums for four (4) weeks are in arrears; the insured, however, shall not be entitled to sick or accident benefits when premium payments are in arrears for two (2) weeks or more, and the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability beginning or occurring during the period of such arrears. Should the insured die when the premium payments on this Policy are four (4) weeks or more in arrears this Company shall not be liable for any sum under this Policy except as otherwise expressly provided herein."

On the trial the following agreement was made: "It is agreed that on the 24th day of December, 1930, Lem Harris received a personal injury, which resulted in his total and permanent disability; that at the time of both the injury and the resulting total and permanent disability, the said Lem Harris was more than two weeks in arrears in the premium payments under the policies sued on; that, after the injury and disability, and on the 29th day of December, 1930, Lem Harris paid four weekly premium payments, which were accepted by the company; that said payments so made after the injury and disability brought the premium payments up to the date of their payment, and the company received payments from time to time under said policies until April, 1932. That there was and is visible external evidence of the accidental injury received which resulted in the disability, and that the premium payments were more than two weeks in arrears at the time of the accident and at the time of the disability complained of."

The arrearage referred to in the agreement arose as follows: It was the custom of appellant's local agent to call at appellee's home and collect and receipt for the premiums each week. Prior to September 15, 1930, the weekly premiums appear to have been called for and collected before they became as much as two weeks in arrears. But the premium which became due September 15, 1930, was not collected until October 4, 1930. The agent did not demand payment of the arrearage, but simply collected and receipted for the regular amount of the weekly premium. The agent continued to so collect the weekly premiums until after the appellee became totally disabled on December 24, 1930. So, although appellee made a premium payment each week, he was continuously more than two weeks in arrears until after his injury. When the agent called to collect the premium on December 26th, he learned of appellee's injury and visited him in the hospital. He then refused to accept the weekly payment of premium. However, on December 29th, he did accept four weekly premiums, which paid up all arrears and the current week's premium, as shown by the agreement.

Counsel for appellant has filed an able brief urging six propositions, all to the general effect that it did not, by accepting payment of past-due premiums on December 29, 1930, become liable to appellee for payment of the disability benefits. It relies upon the stipulation in the policies above quoted, to the effect that subsequent payment of arrears shall not entitle the insured to the benefits for disability beginning or occurring during the period of such arrears. It is not necessary for us to decide what the effect of the payment of arrearage and current premiums on December 29, 1930, was. On the record before us, appellant would have been liable to the appellee for the disability benefits had that payment never been made. This is so because, after appellee became in arrears more than two weeks back in September before his injury, the appellant continued to collect the current premiums each week without demanding, as it might have done, that the arrearage be first paid. By so doing the appellant waived its right to contend that the disability benefits provisions of the policy were not in

full force and effect. Any other construction of the effect of its conduct would be wholly inequitable and unjust. There is no suggestion in the record that appellee knew until after his disability arose that appellant would contend that his disability benefits under the policy were not in full force and effect. It is a reasonable inference that he would not have paid the premiums on such benefits week after week had he known of such contention. Appellant's course of conduct in accepting the premiums was wholly inconsistent with the idea that it intended to treat the disability benefits as suspended. The provision in the policy providing for the suspension of such benefits when the insured should be more than two weeks in arrears was for the benefit of the insurance company, and could be waived by it. Such rule rests in the highest considerations of equity and natural justice, and is fully established by the decisions of our courts. For an interesting discussion of this principle see Equitable Life Assurance Society of United States v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625.

The judgment of the trial court is in all things affirmed.